# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 23, 2025

Lyle W. Cayce
Clerk

No. 22-60453

United States of America,

*Plaintiff—Appellee*,

*versus*

Timothy Griffin,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:22-CV-143

_____

Before Clement, Southwick, and Ho, *Circuit Judges*.

Per Curiam:*

Timothy Griffin, federal prisoner # 21348-043, pled guilty to possession with the intent to distribute methamphetamine. He was sentenced to 262 months in prison and five years of supervised release. Griffin later moved to vacate his conviction under 28 U.S.C. § 2255, arguing that his attorneys were ineffective in advising him on his sentencing exposure. The district court denied the motion without an evidentiary

_____

*This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

hearing. We remanded for the limited purpose of conducting such a hearing. The district court complied, and the case has returned to us. We AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2019, Timothy Griffin was indicted for possession with intent to distribute methamphetamine. Tom L. Stingley was initially appointed to represent Griffin. A month after Stingley was appointed, Griffin hired T. Murry Whalen to represent him, and Stingley was allowed to withdraw. Whalen represented Griffin for the next ten months, handling pretrial motions on his behalf. In March 2020, those motions were denied.

Shortly thereafter, Whalen was allowed to withdraw, citing "irreconcilable differences" based on recorded jailhouse communications in which Griffin made disparaging comments about Whalen. During a hearing on Whalen's motion to withdraw, Griffin expressed an interest in striking a plea bargain. That same day, Stingley was reappointed as Griffin's counsel. Griffin entered into a plea agreement and pled guilty within a week.

The presentence investigation report ("PSR") designated Griffin as a career offender and calculated a Sentencing Guidelines range of 262 to 327 months, with a statutory range of ten years to life in prison. In keeping with its obligations under the plea agreement, the Government recommended a sentence in the bottom 25 percent of the Guidelines range and dismissed other charges against Griffin. The district court adopted the Guidelines range calculated in the PSR and sentenced Griffin to 262 months in prison followed by five years of supervised release. Although Griffin attempted to appeal his sentence based on the district court's determination that he was a career offender, his appeal was dismissed as barred by the appeal waiver in his plea agreement. *United States v. Griffin*, 839 F. App'x 939, 940 (5th Cir. 2021).

No. 22-60453

Just under a year after his conviction became final on direct appeal, Griffin, proceeding *pro se*, moved to vacate his conviction under 28 U.S.C. § 2255, arguing that his attorneys were ineffective in advising him on his sentencing exposure. He claimed that he had wanted to go to trial to argue that certain evidence had been obtained in violation of the Fourth Amendment, but that he had been induced to plead guilty by his attorneys' overestimates of his sentencing exposure if he went to trial and underestimates of his sentencing exposure if he pled guilty. Specifically, Griffin alleged that Whalen told him that he would get a life sentence if he went to trial and that the Government had offered him a 78-month plea deal. This alleged advice contradicted the statutory range of ten years to life. As for his other attorney, Griffin alleged that Stingley agreed with Whalen's erroneous suggestion that he would get a life sentence if he went to trial. Griffin added that Stingley told him he would get a ten-year sentence if he pled guilty, entirely failing to advise him of the career-offender enhancement that would likely apply. Griffin supported his factual allegations with a handwritten letter from May 2019 and a sworn declaration attached to his motion.

At the district court's request, Whalen and Stingley filed affidavits responding to Griffin's allegations. Whalen said she had informed Griffin that he could receive a life sentence if he proceeded to trial. She added that she had conveyed a plea offer to Griffin, but that the plea offer was not for 78 months in prison. Stingley said that he discussed the plea offer and the career-offender enhancement with Griffin.

The district court denied Griffin's Section 2255 motion without an evidentiary hearing, reasoning that Griffin's allegations were contradicted by his plea colloquy, during which he was informed of the ten-year mandatory minimum and confirmed that no promises had been made regarding his sentence. Griffin timely appealed, arguing that the district court erred in

3

denying his Section 2255 motion without an evidentiary hearing. We agreed that the then-existing record did not conclusively foreclose relief, as is required to deny a Section 2255 motion without an evidentiary hearing. *United States v. Griffin*, No. 22-60453, 2024 WL 3174503, at \*4 (5th Cir. June 25, 2024); 28 U.S.C. § 2255(b). Accordingly, we remanded to the district court for the limited purpose of holding an evidentiary hearing. *Griffin*, 2024 WL 3174503, at \*4. The district court held an evidentiary hearing and found relevant facts. The case has now returned to us. We will discuss the effects of the district court's findings below.

## DISCUSSION

We review claims of ineffective assistance of counsel *de novo*, with the caveat that "subsidiary findings of basic, historical fact" made after an evidentiary hearing are reviewed for clear error. *United States v. Molina-Uribe*, 429 F.3d 514, 518 (5th Cir. 2005). Our task is to "make an independent evaluation based on the district court's subsidiary findings," assuming none of those findings are clearly erroneous. *Id.* at 518–19. An ineffective assistance of counsel claim requires the movant to demonstrate (1) that his attorney's performance was deficient, *i.e.*, that it "fell below an objective standard of reasonableness"; and (2) that he was prejudiced, *i.e.*, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). In the guilty-plea context, prejudice is demonstrated when "there is a reasonable probability that, but for counsel's errors, [the movant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

No. 22-60453

Here, based on its determination that Griffin was less credible than his attorneys — a determination generally beyond the scope of our review[1] — the district court made findings that fatally undermine Griffin's claims. To summarize, the district court found that:

- Whalen presented Griffin with a plea offer, which Griffin rejected, but that offer was not for a 78-month prison sentence;

- Whalen told Griffin only that he *could* get up to a life sentence if he went to trial, not that he *would* get a life sentence;

- Stingley advised Griffin of the risk that he could be sentenced as a career offender, along with the sentencing exposure that classification would bring with it;

- Stingley never told Griffin that he would receive no more than ten years in prison if he pled guilty — in fact, Stingley correctly predicted Griffin's ultimate sentence; and

- Stingley correctly advised Griffin that without the adjustment for acceptance of responsibility from pleading guilty, the top of his Guidelines range would be a life sentence.

Given these findings, which are sufficiently supported by the record,[2] Griffin's ineffective assistance of counsel claims are not supported factually.

_____

[1] "[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." *Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985); *see also Johnson v. Collins*, 964 F.2d 1527, 1532 (5th Cir. 1992) (applying this principle in an appeal from the denial of habeas relief after an evidentiary hearing).

[2] The transcript of the evidentiary hearing is not in the record on appeal, but the district court's findings recounted testimony that substantially mirrors the declaration and affidavits discussed above. The recounted testimony helped clarify two points that were not entirely clear from the affidavits: (1) although Whalen advised Griffin that he *could* receive a life sentence if he went to trial, she never advised him that he *would* receive such a sentence; and (2) Stingley never suggested to Griffin that he would receive a ten-year prison sentence if he pled guilty.

No. 22-60453

None of the advice he received was erroneous, let alone constitutionally deficient. Griffin may have misunderstood his sentencing exposure, which is regrettable. Even so, that misunderstanding cannot be attributed to his attorneys, who ably discharged their duties in representing him. Because Griffin has failed to demonstrate deficient performance, his claims fail.

AFFIRMED.